UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 08-3-HRW

CHRISTOPHER MITCHELL,                                    PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on January 3, 2004, alleging disability beginning on May 24, 2003, due to head trauma and nerve damage to his back and arms resulting from a May 2003 motorcycle accident (Tr. 56-58, 86-89, 98-107).

This application was denied initially and on reconsideration.

On August 16, 2006, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 417-448). At the close of the hearing, the ALJ ordered a consultative examination of Plaintiff. The hearing was reconvened on April 3, 2007. Plaintiff testified again (Tr. 453-454). At the second hearing, Linda Sparrow, a vocational expert (hereinafter "VE"), also testified (Tr. 454-460).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him

from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 25, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-25).

Plaintiff was 34 years old at the time of the hearing decision (Tr. 24). He has a high school education past relevant work experience as a construction laborer, window installer, press operator, tobacco warehouse worker, iron worker/tower climber and in mowing yards (Tr. 23).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffered from a cognitive disorder, not otherwise specified, chronic back pain with mild degenerative changes to the lumbar spine and proximal and distal ulnar neuropathy of the left wrist , which he found to be "severe" within the meaning of the Regulations (Tr. 18-19).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 19).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 23) but determined that he has the residual functional capacity ("RFC") to perform light exertional work, within certain parameters, as set forth in the decision (Tr. 19-23).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 3, 2007 (Tr. 6-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and Plaintiff filed a Reply in support of his motion [Docket No. 11]. This matter is fully briefed and stands ripe for decision.

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous

because: (1) the ALJ ran afoul Social Security Ruling 96-8p by failing to explain how he determined Plaintiff's mental RFC; (2) the ALJ did not give appropriate weight to the opinion of Plaintiff's treating physician, Dr. Michael Kalfas; (3) the ALJ did not properly evaluate Plaintiff's bilateral arm and hand impairments; (4) the ALJ improperly relied upon the opinion of a state agency psychologist, Doug McKeown, Ph.D. and (5) the ALJ's hypothetical to the VE did not include all of Plaintiff's impairments and thus the response thereto is not substantial evidence in support of the ALJ's decision [Docket No. 6, pp.5-6]

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ ran afoul Social Security Ruling ("SSR") 96-8p by failing to explain how he determined Plaintiff's mental RFC.

SSR 96-8p requires that the ALJ explain how he or she arrived at the RFC. In this case, the ALJ discussed, in detail, the evidence pertaining to Plaintiff's mental impairment (Tr. 21, 23). He stated that significant weight was given to the findings of Andrew B. Jones, Jr., Ph.D., with the exception of Dr. Jones' opinion that Plaintiff could not respond to work pressures as this conclusion is at odds with Dr. Jones' other findings (Tr. 23, 205).[1]

---

[1] Plaintiff makes much of the ALJ's clerical error of citing Exhibit 8, records from Dr. Keller Riede, rather than Exhibnit 6, Dr. Jones' records. Yet, a mere clerical error does not warrant reversal or remand. Further, in the footnote accompany his discussion of Dr. Jones' evaluation, the ALJ refers to specific portions of Dr. Jones' evaluation. Thus, clearly indicating

The ALJ also referred to and discussed the findings of consultative psychologist Doug McKeown, Ph.D. and Robert Noelker, Ph.D. and the weight he assigned to each(Tr. 21).

The ALJ also discussed Plaintiff's testimony with regard to his daily activities and history of treatment and found that they did not support a finding of severe mental limitation (Tr. 18).

Given the thorough discussion of the evidence, the Court finds Plaintiff's contention that the ALJ failed to explain how he arrived at the mental RFC to be without merit.

Plaintiff's second claim of error is that the ALJ did not give appropriate weight to the opinion of Plaintiff's treating physician, Dr. Michael Kalfas.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).  The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion.  Such opinions receive great weight only

---

that it is the evaluation of Dr. Jones to which he refers - not that of Dr. Riede.   Moreover, earlier in the decision, the ALJ discussed Dr. Jones' opinions and correctly cites Exhibit 6 (Tr. 20-21).

if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In his June 10, 2004 summary of care and diagnostic impressions, Dr. Kalfas opined that Plaintiff "is disabled and unable to maintain employment" (Tr. 366). The ALJ was correct in disregarding this conclusory remark. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as he did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than his past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

In addition, Dr. Kalfas' opinion of disability is at odds with the other, credible medical evidence of record. Further, the diagnostic evidence of record does not support Dr. Kalfas' assessment. For example, x-rays of Plaintiff's cervical spine, shoulders, right hip and right knee were "unremarkable" and "normal" (Tr. 135, 165, 170, 171-172). An MRI of Plaintiff's cervical spine revealed only "mild" degenerative disc disease with no significant cord compression (Tr. 383).

Given the lack of supporting diagnostic data and the abundance of evidence proving Plaintiff retains the ability to work in some capacity, the Court finds no

error in the ALJ's rejection of Dr. Kalfas' opinion.

Plaintiff also contends that the ALJ did not properly evaluate Plaintiff's bilateral arm and hand impairments.

The ALJ credited Plaintiff with some limitation of use of his arms in that in the RFC, he limited Plaintiff to lifting no more than 25 pounds occasionally and 10 pounds frequently (Tr. 19).

However, Plaintiff maintains that his impairment in this regard is more severe. In support of his argument, Plaintiff refers to the report of Dr. Kalfas which notes "some numbness and weakness in [Plaintiff's] left arm" and "mild carpal tunnel" at the left wrist (Tr. 365-366). These observations appear to be consistent with the ALJ's assessment of Plaintiff's bilateral ability. Notably, Dr. Kalfas did not suggest manipulative limitations.

Plaintiff also seeks support in Dr. Noelker's observation of "mild to moderately impaired performance" on a finger tapping test (Tr. 299). This support is misplaced. First, Dr. Noelker is a psychologist and thus his ability to evaluate Plaintiff's physical ability to use his arms and hands is questionable. His fitness aside, Dr. Noelker concluded that Plaintiff had normal overt physical functioning.

Having reviewed the record, the Court finds the ALJ's evaluation of

9

Plaintiff's bilateral hand and arm impairments is supported by substantial evidence.

Plaintiff further asserts that the ALJ improperly relied upon the opinion of a state agency psychologist, Doug McKeown, Ph.D.

In this case, Dr. McKeown reviewed the record and responded to interrogatories propounded by the ALJ (Tr. 397-400).

Plaintiff maintains that as Dr, McKeown did not testify at the hearing, his opinions are not substantial evidence in support of the ALJ's decision. However, the relevant regulations do not require that a state agency physician appear and testify.

There is no evidence pertaining to Plaintiff's mental impairment which was offered after Dr. McKeown's review. Thus, any argument that Dr. McKeown did not have a complete record before him must fail.

Further, Dr. McKeown's opinion is not the sole evidence upon which the ALJ relied in determining the mental RFC. As discussed *supra*, the ALJ also incorporated the findings of Dr. Jones.

The Court finds no error in the ALJ's consideration of Dr. McKeown's findings and opinions.

Finally, Plaintiff argues that the ALJ's hypothetical to the VE did not

include all of Plaintiff's impairments and thus the response is not substantial evidence in support of the ALJ's decision.

This circuit's long-standing rule is that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

The record is simply devoid of credible medical evidence suggesting functional limitations beyond those found by the ALJ. The hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered

contemporaneously herewith.

This August 15, 2008.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge